UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES BOLDISCHAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 14 C 6844 |
| | ) | |
| RELIASTAR LIFE INSURANCE CO., and | ) | Judge Rebecca R. Pallmeyer |
| VOYA AMERICA EQUITIES, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Boldischar sued his former employer, Defendant ReliaStar Life Insurance Company ("ReliaStar"), seeking a declaratory judgment that he was not obligated to repay Defendant for alleged excess compensation he received as a ReliaStar employee. After this court stayed the proceedings and ordered arbitration of the parties' dispute, an arbitration panel issued an award favoring Defendant. Defendant moved for confirmation of the arbitration award, and Plaintiff responded by filing a cross-motion to vacate or modify the award. This court denied that cross-motion, viewing it as a "thinly veiled attempt to obtain appellate review of the Arbitrators' decision," *Boldischar v. Reliastar Life Ins. Co.*, No. 14 C 6844, 2016 WL 3997596, at *6 (N.D. Ill. July 26, 2016), and confirmed the award. Roughly three and a half months after the court's ruling, Defendant moved for entry of final judgment and for an award of sanctions and attorneys' fees [29] pursuant to 28 U.S.C. § 1927 and the court's inherent authority. The court entered final judgment in the case two days later on November 20, 2016.

Arguing that the request for sanctions is untimely and fails on its merits, Plaintiff urges the court to deny it. Defendant responds that the motion cannot be untimely because it was filed two days before the court entered judgment. Defendant also argues that sanctions are

appropriate here because Plaintiff or his counsel displayed objective bad faith, and multiplied the proceedings, by filing a legally baseless motion to vacate the arbitral award.  For the reasons explained here, the court denies the motion for sanctions.

**DISCUSSION**

Defendant's request for fees is aimed at Plaintiff's motion to vacate the arbitral award, purportedly filed "to raise the errors made by the arbitrators on several points."  (Pl.'s Mem. of Law in Supp. of His Mot. to Vacate and/or Modify Arb. Award [20] (hereinafter "Pl.'s Mem."), 1.)  Such a motion faced substantial obstacles.  The purported legal basis for that motion, 9 U.S.C. § 10(a)(4), authorizes a district court to vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual final and definite award upon the subject matter submitted was not made."  The case law that has developed makes it clear, however, that judicial review of an arbitral award is extremely limited; "[f]actual or legal error, no matter how gross, is insufficient to support overturning an arbitration award." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008).  In his motion, Plaintiff maintained that the arbitrators erred by ignoring the plain meaning of the parties' contract, interpreting unambiguous language, failing to allow Plaintiff to present alternative defenses, miscalculating the extent to which Plaintiff was unjustly enriched, and awarding interest without adequately considering Financial Industry Regulatory Authority guidelines.  (Pl.'s Mem. at 1–2.)  But as the court explained in denying Plaintiff's cross-motion, any such purported errors, if they were made, would not provide a basis for vacating or modifying the arbitrators' award. *Boldischar*, 2016 WL 3997596, at *3.

Defendant contends Plaintiff's motion was frivolous and seeks sanctions against Plaintiff's counsel under 28 U.S.C. § 1927 and against both Plaintiff and his counsel under the court's inherent powers.  Significantly, this is not the first time Defendant has requested such an award. In its response to Plaintiff's cross-motion, Defendant moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure; Rule 11 could have been a good fit for this motion, but

2

the court denied it because Defendant failed to comply with that rule's safe-harbor requirements.  *See Boldischar*, 2016 WL 3997596, at *6.

Section 1927, the provision Defendant invokes now, provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  That test is met here, Defendant argues, because a reasonably careful attorney would have realized that the motion to vacate the arbitral award was a non-starter.  Seventh Circuit law is clear that "even gross error is [not] a ground for vacating an [arbitral] award."  *IDS Life Ins. Co. v. Royal All. Assocs., Inc.*, 266 F.3d 645, 650 (7th Cir. 2001); *see also id.* at 650–51 ("[I]f the district judge is satisfied that the arbitrators resolved the entire dispute and can figure out what that resolution is, he must confirm the award.").  Plaintiff's motion displayed apparent indifference to this clear authority.  Plaintiff's counsel now suggests that a *combination* of the arbitration panel's errors demonstrated they made a deliberate effort to reach their intended outcome even though it was "unjustified by law."  This appears to be an argument that the arbitrators displayed "evident partiality or corruption," *see* 9 U.S.C. § 10(a)(2), but Plaintiff did not develop this argument in the original briefing, beyond a brief hint in the conclusion of his initial memorandum and in his response to Defendant's motion to confirm the award.  (*See* Pl.'s Mem. at 13; Pl.'s Resp. to Defs.' Mot. to Vacate [25], 2.)  And the statutory reference to "evident partiality or corruption" under section 10(a)(2) "is confined to situations where the arbitrator has had dealings or relationships with one of the parties that might cause him to be biased."  *Reichman v. Creative Real Estate Consultants, Inc.*, 476 F. Supp. 1276, 1284 (S.D.N.Y. 1979); *see also Lashco, Inc. v. Erickson*, 700 F. Supp. 960, 963 (N.D. Ill. 1988) (rejecting argument that collection of arbitrators' errors amounts to "partiality" toward prevailing party because Seventh Circuit defines "evident partiality or corruption" as "'actual bias' or circumstances that are 'powerfully suggestive of bias'") (quoting *Merit Ins. v. Leatherby Ins. Co.*, 714 F.2d 673, 680–81 (7th Cir. 1983)).

A frivolous challenge to an arbitration award may indeed justify an award of sanctions. *See CUNA Mutual Ins. Soc. v. Office and Professional Employees Intern'l Union, Local 39,* 443 F.3d 556, 56-61 (7th Cir. 2006); *Dreis & Krump Mfg. Co. v. Intern'l Ass'n of Machinists and Aeorospace Workers, Dist. No. 8,* 802 F.2d 247, 254-55 (7th Cir. 1986). The court is nevertheless reluctant to award a sanction in this case. In most instances, awards were made under Rule 11; an award under section 1927 may not be appropriate where Rule 11 sanctions were denied for failure to comply with the safe-harbor procedures. This court itself recognized an exception in *Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp.3d 817 (N.D. Ill. 2015), but in that case, the defendant sought sanctions for an abuse that it did not discover until after judgment had been entered, and therefore could not have sounded a warning bell in time for plaintiff to take corrective action. In this case, Defendant unquestionably could have provided Plaintiff with the safe-harbor notice as directed in Rule 11.

The two rubrics for awarding sanctions overlap substantially, but Rule 11 is aimed at improper or baseless filings, while Section 1927 addresses unreasonable and vexatious conduct. An award under Rule 11 is appropriate when a party files papers without adequate investigation, and may be imposed even where the party did not act in bad faith. *Perfection Bakeries, Inc. v. Chauffeurs, Teamsters and Helpers, Local Union No. 414*, 105 F. App'x 102, 104 (7th Cir. 2004). Section 1927 authorizes sanctions against an attorney who has engaged in a "serious and studied disregard for the orderly process of justice." "*Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1166 (7th Cir. 1983) (citations omitted). *Badillo* noted that section 1927 "has been strictly construed" because of its penal nature, and the court cited *West Virginia v. Charles Pfizer & Co.,* 440 F.2d 1079 (2nd Cir. 1971), for the proposition that sanctions under § 1927 are "highly unusual" and require clear evidence of bad faith. And the courts have long recognized that sanctions issued under a court's inherent power require a showing of subjective bad faith. *Fields v. City of Chicago*, No. 10 C 1168, 2015 WL 12806567, at *4 (N.D. Ill. Nov. 6, 2015).

4

Plaintiff's challenge to the arbitral award in this case borders on frivolous, but it caused comparatively minimal harm. The parties were already engaged in briefing Defendant's motion to confirm the award. The *Perfection Bakeries* case drew a distinction between an argument "over the proper interpretation of the correct legal standard" on the one hand and "advancing the wrong legal standard altogether" on the other. 105 F. App'x. at 105. Plaintiff here argued that the arbitrators' award was so misguided as to reflect their policy desires. This court disagrees with Plaintiff's interpretation of the standard for review of the award, but is not prepared to conclude that Plaintiff's argument advanced "the wrong legal standard altogether." Nor does the court find any evidence of subjective bad faith. In any event, the Seventh Circuit has recently noted that section 1927 "is a permissive statute, and so the district court [is] not required to impose sanctions even if it [finds] evidence of objective or subjective bad faith." *Bommiasamy v. Parikh*, 633 F. App'x 351, 354 (7th Cir. 2016).

Had Defendant issued the safe-harbor notice called for by Rule 11, the analysis of this issue might be different. For the reasons discussed above, the court does not believe that sanctions are warranted under the circumstances of this case. The motion for sanctions pursuant to section 1927 or the court's inherent power is denied.

## **CONCLUSION**

Defendant's motion for sanctions [29] is denied.

ENTER:

Date: September 12, 2017

_____
REBECCA R. PALLMEYER
United States District Judge

5